**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, et al.,** *

*

**Plaintiffs,**

**v.** * **CIVIL NO. JKB-25-2511**

**INDEPENDENT WALLCOVERING & PAINT, INC.,** *

**Defendant.** *

* * * * * * * * * * * *

# MEMORANDUM

Plaintiffs International Painters and Allied Trades Industry Pension Fund, International Painters and Allied Trades Industry Annuity Fund, Daniel R. Williams as Trustee of those funds, and the Finishing Trades Institute brought suit against Defendant Independent Wallcovering & Paint, Inc. (ECF No. 1.) After Defendant failed to respond, Plaintiffs moved for the Clerk's entry of default, which was granted. (ECF Nos. 8–10.) Plaintiffs then filed the instant Motion for Default Judgment. (ECF No. 18.) The Motion will be granted and judgment will be entered in favor of Plaintiffs.

## *I. Facts*

Plaintiffs allege that:

> The International Painters and Allied Trades Industry Pension Fund ("Pension Fund") and the International Painters and Allied Trades Industry Pension Fund ("Annuity Fund") are multiemployer benefit funds and employee benefit plans as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(2), (3), (21), § 1009(C) (1), (B), and §1132. The Trustees for the Pension Fund and of the Annuity Fund are fiduciaries within the meaning of 29 U.S.C. §§1102(a) and 1002(16), (21). The Finishing Trades Institute ("FTI"),

> formerly known as the International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund, is an employee benefit plan within the meaning of 29 U.S.C. §1002(37), (1), and (3).

(ECF No. 1 ¶ 1.) Plaintiffs refer to these Funds as the "ERISA Plaintiffs." (*Id.*) Plaintiffs also allege that the Political Action Together Fund ("PAT Fund") "is an unincorporated association or fund established pursuant to 52 U.S.C. §30101 *et seq.* by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office." (*Id.* ¶ 2.) Further, "Labor Management Cooperation Initiative ('LMCI'), is a joint labor and management initiative and is an unincorporated organization established under 29 U.S.C. §186(c)(9) . . . ." (*Id.* ¶ 3.) Plaintiffs refer to the PAT Fund and the LMCI as the "Bargained Entities." (*Id.*) And Daniel Williams "is a fiduciary of the Pension Fund and of the Annuity Fund within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions and other amounts due to all Plaintiffs." (*Id.* ¶ 4.) Plaintiffs allege that Defendant "is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2)." (*Id.* ¶ 5.)

Plaintiffs allege that Defendant was party to a bargaining agreement under which it was

> [R]equired to regularly pay to the ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are required to be made on a timely basis and are considered delinquent if not received timely. Defendant is also required, pursuant to the Bargaining and/or Trust Agreements, to pay liquidated damages for each delinquent contribution. The Bargaining and/or Trust Agreements also provide that interest accrues on delinquent contributions at the rates reasonably set by the Boards of Trustees from the day contributions become delinquent until paid.

(*Id.* ¶ 12.) Further, Defendants were required to:

> [M]aintain time records or timecards and submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by Defendant to Plaintiffs. Should Plaintiffs need to enforce the audit requirement and/or should an audit of Defendant's records reveal Defendant has failed to provide full and prompt

> payment of all sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees and attorneys' fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

(*Id.* ¶ 13.)

Plaintiffs allege that an audit revealed that, for the period of January 1, 2017 through August 31, 2021, Defendant owed $118,118.73, comprised of $89,526.09 in delinquent contributions, liquidated damages of $17,905.22, interest in the amount of $9,687.76, and audit costs of $999.66. (*Id.* ¶ 14.) Plaintiffs allege that Defendants additionally owed contribution balances for March 2016, April 2016, and March 2021 through November 2021. (*Id.* ¶ 15.) "The balance due for this period was $32,008.17, including contributions of $20,047.36, interest of $7,951.33 and liquidated damages of $4,009.48." (*Id.*)

Defendant made payments toward the amounts due and now owe a total of $110,548.24. (*Id.* ¶ 16.) Specifically:

> Defendant now owes $87,633,88 in contributions and interest, comprising of $63,796.53 in contributions and interest of $23,837.35 calculated through July 28, 2025. The liquidated damages and audit costs remain due in the amounts of $17,905.22 in liquidated damages for the audit, audit costs of $999.66 plus liquidated damages of $4,009.48 for the additional delinquent contributions.

(*Id.*) Plaintiffs also allege that attorneys' fees and costs are due, and that additional interest will continue to accrue on the above amount. (*Id.*) Plaintiffs also allege that Defendant's obligations to make contributions are ongoing, so "additional amounts come due on a monthly basis, including but not limited to contributions, liquidated damages, and interest." (*Id.* ¶ 17.)

Plaintiffs bring one cause of action for payment of delinquent contributions, liquidated damages, audit costs, and attorneys' fees and costs. They bring this action pursuant to the terms of the bargaining agreement and pursuant to ERISA.

## *II. Standard*

After entry of default under Rule 55(a), a party may move for default judgment. Fed. R. Civ. P. 55(b)(2). Entry of default against a defendant does not alone entitle a plaintiff to judgment as of right:

> "The defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact . . . [but] is not held . . . to admit conclusions of law. In short, . . . a default is not treated as an absolute confession by the defendant of [its] liability and of the plaintiff's right to recover." The court must . . . determine whether the [conceded facts] support the relief sought in [the] action.

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "In the Fourth Circuit, district courts analyzing default judgments have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are 'well-pleaded.'" *Vasquez-Padilla v. Medco Properties, LLC*, Civ. No. PX-16-3740, 2017 WL 4747063, at *2 (D. Md. Oct. 20, 2017) (collecting cases). "Where a complaint offers only 'labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement,' the allegations therein are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief should be denied." *Id.*

## *III. Analysis*

For the reasons set forth below, the Motion for Default Judgment will be granted.

### A. Liability

Plaintiffs have established liability. They have sufficiently alleged that Defendant breached the bargaining agreement and violated its statutory duties under ERISA.

Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. "Section 515 'creates a federal right of action independent of the contract on which the duty to contribute is based.'" *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. 1997). Indeed, "section 515 puts multiemployer plans in a stronger position than they otherwise occupy under common law contract principles." *Id.* "To establish ERISA liability, Plaintiffs must show that Defendants were obligated to make contributions to the Funds under the terms of a collective bargaining agreement and that Defendants failed to make such contributions." *Trs. of Nat'l Automatic Sprinkler Indus. Welfare Fund v. Ornell Fire Sprinkler, Inc.*, Civ. No. 23-02080-AAQ, 2024 WL 640030, at *3 (D. Md. Feb. 15, 2024).

Plaintiffs have sufficiently alleged Defendant's liability. Defendant breached the bargaining agreement by failing to pay certain sums of money. Further, pursuant to the bargaining agreement, contributions are to be made on a timely basis and are considered delinquent if not received timely, Defendant is required to pay liquidated damages for delinquent contributions, and interest accrues on delinquent contributions. In addition, Defendant is required to maintain time records and to submit such records to Plaintiffs for examination. Where an audit reveals that Defendant failed to provide requisite payments, it must make those payments and reimburse Plaintiffs for audit and attorneys' fees.

**B. Damages & Fees**

Because the Court has determined that Defendant is liable, the Court must make a determination of damages. *See Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010) ("If the court determines that liability is established, the court must then determine the appropriate amount of damages . . . . The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations."). The court may award damages without a hearing if "the record supports the damages requested, such as through comprehensive, detailed, and uncontroverted exhibit and affidavit evidence establishing the amount of damages." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 541 (D. Md. 2011) (citation and internal quotation marks omitted).

In an action such as this one, where judgment is awarded in favor of the plan, "the court *shall* award the plan" the following:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2) (emphasis added). Thus, Plaintiffs are entitled to an award of each of the above-listed categories of damages and fees.

**1. Damages**

Plaintiffs are entitled to the unpaid contributions. Plaintiffs are also entitled to interest on the unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(B) and the terms of the bargaining

agreement. "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26." 29 U.S.C. § 1132(g)(2). As Plaintiffs explain, the interest rate was initially set "at the fluctuating rate under 26 U.S.C. § 6621" but, as of February 1, 2023, the interest rate is 10% per annum. (ECF No. 18-2 at 12.) Plaintiffs are also entitled to liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C) and the terms of the bargaining agreement. Liquidated damages are the greater of the interest on unpaid contributions or "liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law)" of the withdrawal liability. 29 U.S.C. § 1132(g)(2)(C). Plaintiffs explain that, here, they seek liquidated damages of 20 percent of the contributions.

Plaintiffs explain that the total due for the audit (including underpayments, liquidated damages, interest, and audit costs) is $79,528.65,[1] that the total due for delinquent contributions (including liquidated damages and interest) is $9,928.20, and that the total due for estimated contributions (including liquidate damages and interest) is $6,488.56. These amounts are supported by the record, including a Declaration provided by Michael O'Malley, Audit and Collections Director for Plaintiffs, and exhibits to that Declaration. (*See* ECF No. 18-3.)

Plaintiffs are entitled to these amounts, which will be awarded.

**2. Attorneys' Fees and Costs**

Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and the terms of the bargaining agreement. Plaintiffs seek attorneys' fees and costs in the total amount of $18,227.86. They will be awarded this amount.

The Fourth Circuit has explained that 29 U.S.C. § 1132(g) does not permit ERISA

[1] This figure takes into account payments Defendant has apparently made in the amount of $60,982.20.

attorneys' fees for "expenses incurred while exhausting administrative remedies." *Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir. 2003). And while "district courts have not applied *Rego*'s limitation on fee awards in ERISA cases in a way to exclude all pre-litigation fees and costs," certain prelitigation work may not appropriately fall within the scope of a fee award under 29 U.S.C. § 1132(g). *Int'l Painters & Allied Trades Indus. Fund v. Interiors by Steve, Inc.*, Civ. No. JRR-21-229, 2023 WL 4446572, at *8–9 (D. Md. July 11, 2023). Here, however, in addition to the fee award available under 29 U.S.C. § 1132(g), as Plaintiffs allege, the bargaining agreement requires Defendant to reimburse Plaintiffs for audit fees and attorneys' fees in connection with an audit. Thus, attorneys' fees are properly awarded here for both audit work and litigation work.

"Courts in this district apply the lodestar method to determine a reasonable award of attorney's fees under § 1132(g)." *Int'l Painters*, 2023 WL 4446572, at *5 (collecting cases). "The lodestar method calculates reasonable fees by multiplying the number of reasonable hours expended times a reasonable rate. There is a strong presumption that the lodestar figure is reasonable." *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022) (citation, quotations, and alterations omitted). The Fourth Circuit has explained that it

> has endorsed a three-part standard for use in calculating attorney's fees under the lodestar approach: 'First, the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Next, the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones. Finally, the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'

*In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 27 F.4th 291, 303 (4th Cir. 2022) (quoting *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). At the first step, to ascertain the number of reasonable hours expended multiplied by a reasonable rate, the Court applies the *Johnson* factors, which include

> (1) the time and labor expended by counsel; (2) the novelty and difficulty of the questions presented; (3) the skill required to properly perform the legal services rendered; (4) the lawyer's opportunity costs in pressing the instant litigation; (5) the customary fee for similar work; (6) the lawyer's expectations at the outset of the litigation; (7) any time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the lawyer; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the lawyer and the client; and (12) attorney's fees awards in similar cases.

*Id.* at 303 n.7 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 & n.28 (4th Cir. 1978)).

In consideration of these factors, the Court concludes that the requested attorneys' fees are reasonable. The Court has reviewed the invoices submitted by Plaintiffs and concludes that the hours expended were reasonable for this case. The Court also concludes that the hourly rates were reasonable. One attorney and two paralegals billed on this case. The attorney billed at rates of $360 to $370 per hour. The paralegals billed at $185 and $210 per hour. The fees will be awarded. These costs are also reasonable and will also be awarded.

## *IV. Conclusion*

For the foregoing reasons, the Court will grant the Motion for Default Judgment and enter Judgment against Defendant by separate order.

DATED this 21 day of September, 2026.

BY THE COURT:

James K. Bredar

James K. Bredar
United States District Judge